FILED
98 FEB 10 PM 1:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AUTOMATION TECHNOLOGIES  }
INDUSTRIES, INC.,        }
                         }
    Plaintiff,            }
                         }    CASE NO. CV 97-B-2855-S
v.                       }
                         }
TECH-MATION INTERNATIONAL,}
INC. and PHILLIP H. HIGGINS,}    ENTERED
                         }
    Defendants.          }    FEB 1 0 1998

## MEMORANDUM OPINION

This case is before the court on the Motion to Dismiss filed by defendants on November 26, 1997. Upon consideration of the motion, the complaint, the memoranda submitted by the parties, and the relevant law, the court is of the opinion that the motion is due to be granted.

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In assessing a Rule 12(b)(6) motion, the court must assume that all factual allegations in the complaint are true.

Count I of the complaint asserts a claim against the defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO). In order to state a claim under RICO, a plaintiff must allege (1) that the defendants; (2) through the commission of two or more acts; (3) constituting a pattern; (4) of racketeering activity; (5) directly or indirectly participated in (6) an enterprise; (7) the activities of which affect interstate or foreign commerce. The defendants contend the plaintiff has not properly alleged all of the elements required to state a RICO claim. The court agrees.

13

A pattern of racketeering activity can be established only by a showing of at least two predicate acts of racketeering activity. 18 U.S.C. § 1961(5). Plaintiff in this case alleges a violation of RICO based on only one incident which allegedly occurred on July 24, 1997. Thus, the factual allegations of the complaint, even when accepted as true for purposes of this motion to dismiss, do not meet the pleading requirements for alleging a pattern of racketeering activity. Although there are other deficiencies in Count I, the above stated reason is sufficient to grant defendants' motion to dismiss.

Counts Two and Three of the Complaint attempt to state a cause of action under Alabama state law. These counts are also due to be dismissed under Rule 12(b)(6). However, it is unnecessary to address these counts, because the court has no jurisdiction over these claims if Count I is dismissed.

An order in accordance with this opinion will be entered.

**DONE** this _10th_ day of February, 1998.

_____
**SHARON LOVELACE BLACKBURN**
United States District Judge